Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Cesar Flores*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR FLORES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NEXTERA ENERGY OPERATING SERVICES, LLC; NEXTERA ENERGY, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 23-CV-01389-L-AHG<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure to Pay All Overtime Wages<br>2. Meal Period Violations<br>3. Rest Period Violations<br>4. Paid Sick Leave Violations<br>5. Untimely Payment of Wages<br>6. Wage Statement Violations<br>7. Waiting Time Penalties<br>8. Failure to Provide Records<br>9. Unfair Competition |

---

FIRST AMENDED CLASS ACTION COMPLAINT
*Flores v. Nextera Energy Operating Services, LLC*

Plaintiff CESAR FLORES, individually and on behalf of all others similarly situated ("<u>Plaintiff</u>") brings this CLASS ACTION COMPLAINT against Defendants NEXTERA ENERGY OPERATING SERVICES, LLC; NEXTERA ENERGY, INC.; and DOES 1 through 50, inclusive (collectively "<u>Defendants</u>"), alleging as follows:

## INTRODUCTION

1. This is a wage and hour class action seeking unpaid wages, premiums, and penalties for Defendants violations of the California Labor Code.

2. Defendants failed to accurately pay overtime and premiums at the lawful rate of pay, inclusive of all forms of remuneration. Additionally, Defendants failed to pay all meal period premiums owed for late, short, and missed meal periods apparent on the face of the time records Defendants maintains for class members.

3. Defendants committed a series of related violations and are liable to Plaintiff and class members in an amount according to proof.

## JURISDICTION & VENUE

4. Jurisdiction of this action is proper in the Superior Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

5. The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

6. This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395, and/or 395.5 because, upon information and belief, Defendants conduct business and committed some of the alleged violations in this county.

8. Defendants have removed this action to federal court under the Class Action Fairness Act, which Plaintiff contends is improper and subject to remand.

## PARTIES

**A.  Plaintiff Cesar Flores**

9. Plaintiff Flores is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about January 2021 to February 2022. Plaintiff worked as a Solar Field Tech 2.

**B.  Defendants**

10. Defendant Nextera Energy Operating Services, LLC is a corporation that maintains operations and conducts business throughout the State of California, including in this county.

11. Defendant Nextera Energy, Inc. is a corporation that maintains operations and conducts business throughout the State of California, including in this county.

12. The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474. Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein. This Complaint may be amended to reflect their true names and capacities once ascertained.

13. Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

14. Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise

1  and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

15. Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS

16. This action is brought individually and on behalf of the following class pursuant to Code of Civil Procedure section 382:

   a. All current and former non-exempt employees who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification.

17. Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

18. The class is ascertainable and shares a well-defined community of interest in this litigation:

   a. <u>Numerosity</u>:  The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at this time.  The class is so numerous that joinder of all class members is impracticable.  The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

   b. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other class members.  They were subject to the same policies and practices of Defendants, which resulted in losses to the class.  Proof of common unlawful business practices, which Plaintiff experienced,

    will establish the right of the class to recover on the causes of action alleged herein.

   c.  <u>Adequacy</u>:  Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

   d.  <u>Superiority</u>: A class action is superior to other means for adjudicating this dispute.  Individual joinder is impractical.  Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

   e.  <u>Public Policy Considerations</u>:  Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

19.  Common questions of law and fact as to the class members predominate over questions affecting only individual members.  The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

## GENERAL ALLEGATIONS

20.  Defendants failed to pay Plaintiff and other class members overtime at the lawful regular rate of pay, based on the common payroll practice of not including all

- 4 -

forms of remuneration in the "regular rate" at which overtime must be calculated and paid.

21. Plaintiff and other class members earned non-excludable forms of remuneration, such as an annual bonus, based upon non-discretionary metrics. These sums were required to be included in the overtime hourly rate for the pay period or periods in which such forms of remuneration were earned. However, Defendants failed to accurately calculate and pay overtime at the lawful rate in those pay periods, resulting in underpaid overtime wages in those specific pay periods which are apparent based on records Defendants maintain.

22. Based on the same practice, Plaintiff alleges on information and belief that Defendants equally failed to pay meal and/or rest period premiums at the lawful "regular rate of compensation," as required by California law.

23. Plaintiff alleges that he and other class members experienced late, short and missed meal periods, which appear on time records Defendants are required to maintain. In those pay periods, Plaintiff alleges Defendants failed to pay a meal period premium payment. The time records will reveal the extent of the unpaid premium wages.

24. For these reasons, Defendants failed to pay all wages owed each regularly scheduled payday. Additionally, Plaintiff did not receive his final paycheck on his last day of employment or within 72 hours thereof. Plaintiff alleges, on information and belief, Defendants maintain a policy and practice of failing to pay all wages owed upon separation of employment, due to the ongoing underpayments alleged above and due to the practice of not having the final check or direct deposit available for timely payment, as was the case for Plaintiff.

25. Defendants further engaged in a policy and practice of issuing non-compliant wage statements based on these wage deficiencies, in those affected pay periods.

26. Additionally, on some wage statements, like the one issued to Plaintiff for the period of March 3, 2022, Defendants failed to list all hourly rates in effect and the corresponding number of hours paid at such rate, in violation of Labor Code § 226(a)(9).

## FIRST CAUSE OF ACTION
## FAILURE TO PAY ALL OVERTIME WAGES
### Violation of Labor Code §§ 510 and 1194

27. All outside paragraphs of this Complaint are incorporated into this section.

28. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

29. Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

30. Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## SECOND CAUSE OF ACTION
## MEAL PERIOD VIOLATIONS
### Violation of Labor Code §§ 226.7 and 512

31. All outside paragraphs of this Complaint are incorporated into this section.

32. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

33. Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

34. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

35. Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## THIRD CAUSE OF ACTION

## REST PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 516

36. All outside paragraphs of this Complaint are incorporated into this section.

37. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further

provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

38. Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the "Rest Periods" sections of the applicable orders).

39. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

40. Plaintiff and class members are entitled to recover the full amount of the rest period premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL PAID SICK LEAVE WAGES

**Violation of Labor Code §§ 200, 218, 246 *et seq.***

41. All outside paragraphs of this Complaint are incorporated into this section.

42. Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

43. Labor Code section 246(l) governs how Defendants were required to calculate paid sick leave:

> [A]n employer shall calculate paid sick leave using any of the following calculations:
>> (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.
>> (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.
>> (3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

44. Defendants failed to pay Plaintiff and class members their paid sick leave wages at one of the lawful rates set forth in the statute because Defendants failed to include in their sick leave calculation the additional remuneration received by Plaintiff and class members.

45. Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to class members at the correct rate in violation of Labor Code sections 246, 248.1, 248.2, and 248 *et seq*.

46. Pursuant to Labor Code section 248.1, Defendants were required to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave to employees for the period of April 20, 2020 to December 31, 2020.  Labor Code section 248.2 required Defendants to provide up to 80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2021 through at least September 30, 2021.  Labor Code section 248.6 extended Covid sick leave protections and requires employers to provide up to

80 hours of Covid-19 Supplemental Paid Sick Leave for the period of January 1, 2022 to September 30, 2022, and may be extended thereafter.

47. Under Labor Code section 248.1, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the regular rate of pay for the last pay period, (2) state minimum wage, (3) local minimum wage.

48. Under Labor Code section 248.2, non-exempt employees must be paid supplemental paid sick leave according to the highest of the following four methods:

>(I) Calculated in the same manner as the regular rate of pay for the workweek in which the covered employee uses COVID-19 supplemental paid sick leave, whether or not the employee actually works overtime in that workweek.

>(II) Calculated by dividing the covered employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

>(III) The state minimum wage.

>(IV) The local minimum wage to which the covered employee is entitled.

49. Labor Code section 248.6 requires employers to pay supplemental sick leave using either method (I) or (II), as identified above.

50. On information and belief, Defendants failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Defendants failed to include in their sick leave calculation the additional remuneration received by class members.

51. As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

# FIFTH CAUSE OF ACTION

## UNTIMELY PAYMENT OF WAGES

### Violation of Labor Code §§ 204, 210, 218

52. All outside paragraphs of this Complaint are incorporated into this section.

53. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation. Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

54. Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

55. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

# SIXTH CAUSE OF ACTION

## WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

56. All outside paragraphs of this Complaint are incorporated into this section.

57. This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

58. Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members. Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

59. Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

60. As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

## SEVENTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### Violation of Labor Code §§ 201 *et seq*.

61. All outside paragraphs of this Complaint are incorporated into this section.

62. This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

63. Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members

immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

64. Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## EIGHTH CAUSE OF ACTION
## FAILURE TO PROVIDE RECORDS
### Violation of Labor Code §§ 226, 432, and 1198.5

65. All outside paragraphs of this Complaint are incorporated into this section.

66. Plaintiff brings this cause of action exclusively *in an individual capacity*.

67. Labor Code section 432 states that [i]f an employee. . . signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

68. Labor Code section 226(b) grants employees the right to inspect or receive "a copy of records pertaining to their employment." Labor Code section 226(f) authorizes a penalty of $750 for an employer's failure to comply with a request for records made under section 226.

69. Labor Code section 1198.5 requires employers to provide an employee's "personnel records" within 30 days of receipt of the request. Section 1198.5(k) authorizes a penalty of $750 for an employer's failure to provide a copy of or permit inspection of personnel records. Section 1198.5(l) allows an employee to seek injunctive relief to obtain an employer's compliance with this section and authorizes the recovery of attorneys' fees and costs.

70. Section 7 (Records) of the IWC Wage Orders, which may be enforced through Labor Code section 1198, requires that employers maintain time records of when an employee begins and ends each work period and when the employee takes

meal periods, among other required employment and payroll records. Section 7(C) states that "[a]n employee's records shall be made available for inspection by the employee upon reasonable request."

71. Plaintiff requested from Defendants all records due under the IWC Wage Orders (including the Records sections) and Labor Code sections 226, 432, and 1198.5. In response, Defendants failed to provide Plaintiff's time cards.

72. Defendants' unlawful acts and omissions deprived Plaintiff of the ability review the documents they received during their employment and to inspect and reconcile their actual time worked with the ultimate pay they received on their wage statements. Plaintiff is entitled to recover the penalties and injunctive relief, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5, and Labor Code sections 226 and 1198.5.

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION

### Violation of Business and Professions Code §§ 17200 *et seq.*

73. All outside paragraphs of this Complaint are incorporated into this section.

74. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

75. Defendants' dependance on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200 *et seq.*

76. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

77. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

78. Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.* Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a. For recovery of damages in amount according to proof;

b. For all recoverable pre- and post-judgment interest;

c. For recovery of all civil and statutory penalties and liquidated damages;

d. For disgorgement of all amounts wrongfully obtained;

e. For restitution and injunctive relief;

f. For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure section 1021.5; and

g. For such other relief the Court deems just and proper.

Dated: August 10, 2023     **Ferraro Vega Employment Lawyers, Inc.**

_____
Nicholas J. Ferraro
*Attorneys for Plaintiff Cesar Flores*